UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ISRAEL J. YOUNG, )
)
        Petitioner, )
)
v. ) No. 1:18-cv-01721-TWP-MPB
)
BUTTS, )
)
        Respondent. )

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Israel Young for a writ of habeas corpus challenges Indiana prison disciplinary proceeding number NCF 18-03-0036. For the reasons explained in this Order, Mr. Young's habeas petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *see also Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011) (same for federal inmates).

## B. The Disciplinary Proceeding

On March 5, 2018, Indiana Department of Correction (IDOC) Officer M. Wilkinson wrote a conduct report charging Mr. Young with disorderly conduct, B236. The conduct report provides:

> On the above date and time I, Officer Wilkinson was working chow when I s[aw] Offender Young #210924 trying to get a second sack. Offender Young #210924 had come through with insulin and early feed. I told Offender Young to give me the sack then he began cussing me. Sgt. Anderson and Sgt. Gard came over and Offender Young was told 4 more times to give the sack up when Offender got angry and threw the sack at my feet. He was advised.

Dkt. 8-1.

Mr. Young was notified of the charge on March 8, 2018, when he received the Screening Report. He pleaded not guilty to the charge. He requested to have a lay advocate, and one was appointed. Dkt. 8-7. He requested offender Philpot and Sgt. Gard as witnesses and requested as evidence the camera footage from the cafeteria from 17:05 to 17:35. Dkt. 8-2. Sgt. Anderson provided a witness statement that he saw Offender Young "become extremely disorderly and throw his sack lunch at Ofc. Wilkinson's feet." Dkt. 8-3. Sgt. Gard provided the following statement: "[t]he Aramark staff had marked off that he had received his diet sack already at which time Ofc. Wilkinson advised him to give up the sack he received after and he threw it on the floor [at] Wilkinson's feet. He was advised then to leave the chow hall." Dkt. 8-5. Offender Philpot provided the following witness statement: "we was going to get our sack and the C.O. said that he got another sack I was standing there the whole time he never got no other sack. I was there the whole time we were just there chatting until the line died down." Dkt. 8-4. The video evidence review form states that the video clearly shows Offender Young "throw his sack down by the Officer's feet." Dkt. 8-8.

After a postponement, a hearing was held on March 20, 2018. At the hearing. Mr. Young stated he was ready to begin and pleaded guilty. Dkt. 8-9. Based on the staff reports, video evidence, the offender's statement, and witness statements, the hearing officer found Mr. Young guilty of disorderly conduct. The sanctions imposed included 90 days' earned-credit-time deprivation and demotion in credit class *Id*.

On March 22, 2018, Mr. Young appealed to the Warden. His appeal was denied. Dkt. 8-11. The respondent argues that Mr. Young failed to exhaust his administrative remedies when he failed to file an appeal with the Final Reviewing Authority. Mr. Young did not file a reply.

Exhaustion

As a preliminary matter, the respondent argues that Mr. Young failed to exhaust his available administrative appeals with regard to the claims raised in the petition. Dkt. 8. The record, however, is insufficient to determine whether Mr. Young failed to exhaust because in his petition, filed under penalty of perjury, he states that he filed a second level appeal. In this case it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. Young's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

In this case, considering Mr. Young's claims on the merits rather than first resolving the exhaustion issue will promote judicial economy. The review permitted of the challenged proceeding is narrow and is based on an expanded record of the charge, notice, evidence, hearing, and decision. It appears to be an inefficient use of the Court's resources and the parties' time to

become invested in untangling the parties' dispute about whether Mr. Young exhausted his administrative remedies. The Court will proceed to the merits rather than resolve this issue.

   **C. Analysis**

In his petition, Mr. Young sets forth four grounds for relief: 1) the video would show he was not out of his "house" with insulin; 2) he was not disorderly; 3) he was denied evidence by the screening officer; and 4) the hearing was not fair.

<u>Sufficiency of the Evidence</u>

In his first ground for relief, Mr. Young states that he was accused of being out of his "house" with insulin when he never was. In his second ground for relief, Mr. Young argues that he was not disorderly. Dkt. 1. The Court interprets these arguments to be challenges to the sufficiency of the evidence. "[S]ome evidence is a lenient standard that is met if *any* evidence supports a disciplinary board's conclusion." *Santonio House v. Daniels*, 637 Fed. Appx. 950 (7th Cir. March 22, 2016) (citing *Hill*, 472 U.S. at 455-56); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Young was found guilty of disorderly conduct. Disorderly conduct is defined as "exhibiting conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 8-13, at 7. There is some evidence in the record that Mr. Young committed the offense of disorderly conduct. First, Mr. Young pleaded guilty. Second, the conduct report, which can be sufficient evidence alone to support a guilty finding, *McPherson*, 188 F.2d at 786, states that upon discovering Mr. Young took a second sack meal, Officer Wilkinson instructed him to

return the sack. Mr. Young started cussing at Officer Wilkinson and threw the sack at Officer Wilkinson's feet. This conduct disrupted the security of the facility because two other officers had to assist in diffusing the situation.

Third, Sergeants Gard and Anderson both submitted witness statements supporting the finding that Mr. Young was guilty of disorderly conduct.[1] In sum, there is some evidence to support the finding that Mr. Young was guilty of disorderly conduct.

Denial of Evidence

In the third ground for relief, Mr. Young argues that offender Philpot's witness statement was not considered and the "house video" was not allowed. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Jones,* 637 F.3d at 847; *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Id.*; *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *Jones,* 637 F.3d at 847.

First, offender Philpot's witness statement was part of the evidence considered by the hearing officer. Dkt. 8-9. Because the hearing officer did not give this statement any weight does not mean it was not considered. As such, Mr. Young is not entitled to relief on this ground.

---

[1] The Court was not able to watch the video submitted by the respondent because of formatting issues. However, even without the video, there is some evidence to support the guilty finding.

Next, Mr. Young says his request for the "house video" was denied. While there is no evidence Mr. Young requested any video other than the video in the cafeteria, dkt. 8-2, due process only requires access to evidence that is exculpatory. *Duckworth*, 969 F.2d at 361. The incident that forms the basis of this incident occurred in the cafeteria, the "house video" would not have been directly relevant to Mr. Young's conduct in the cafeteria. Further, Mr. Young has never asserted that the "house video" was exculpatory. Thus, any denial by prison officials of the "house video" was harmless. Mr. Young is not entitled to relief on this basis.

Impartial Hearing Officer

Finally, Mr. Young claims that the hearing was not fair because the hearing officer told him "if you waste my time I will waste yours." Dkt. 1, at 5. The Court interprets this argument to be that he was denied an impartial decision maker. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Beyond the above statement, Mr. Young provides no additional argument as to how the hearing officer was not impartial. The fact that Mr. Young disagrees with the hearing officer's decision is insufficient to show bias. *Smith v. Neal*, 660 Fed. Appx. 473, 475 (7th Cir. 2016); *see also Piggie,* 342 F.3d at 666 ("Adjudicators are entitled to a presumption of honesty and integrity."). Similarly, there is no evidence that the hearing officer was directly or substantially involved in the conduct or the investigation leading to the charge. *Id*. at 667. Mr. Young is not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Young to the relief he seeks.

Accordingly, Mr. Young's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date:_2/4/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ISRAEL J. YOUNG
210924
RANDOLPH COUNTY JAIL
INMATE MAIL
155 E. South St.
WINCHESTER, IN 47394


Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov